

THE ATTORNEY GENERAL

OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 18, 1967

Honorable Jules Damiani, Jr.
Criminal District Attorney
Galveston County
Galveston, Texas

Opinion No. M-77

Re: Right of employees of a county hospital to be represented by a union which does not bargain or claim the right to strike.

Dear Mr. Damiani:

You have requested an opinion of this office concerning the following question:

"Whether employees of the Galveston County Memorial Hospital have the right to be represented by a union which does not bargain or claim the right to strike."

Article 5154c, V.A.C.S., reads as follows:

"Section 1. It is declared to be against the public policy of the State of Texas for any official or group of officials of the State, or of a County, City, Municipality or other political subdivision of the State, to enter into a collective bargaining contract with a labor organization respecting the wages, hours, or conditions of employment of public employees, and any such contracts entered into after the effective date of this Act shall be null and void.

"Section 2. It is declared to be against the public policy of the State of Texas for any such official or group of officials to recognize a labor organization as the bargaining agent for any group of public employees.

"Section 3. It is declared to be against the public policy of the State of Texas for public employees to engage in strikes or organized work stoppages against the State of Texas or any political subdivision thereof. Any such employee who participates in such a strike shall forfeit all civil service rights, re-employment rights and any other rights, benefits, or privileges which he enjoys

as a result of his employment or prior employment, pro-
viding, however, that the right of an individual to cease
work shall not be abridged so long as the individual is
not acting in concert with others in an organized work
stoppage.

"Section 4. It is declared to be the public policy
of the State of Texas that no person shall be denied
public employment by reason of membership or nonmember-
ship in a labor organization.

"Section 5. The term 'labor organization' means
any organization of any kind, or any agency or employee,
representation committee or plan, in which employees part-
icipate and which exists for the purpose, in whole or in
part, of dealing with one or more employers concerning
grievances, labor disputes, wages, rates of pay, hours
of employment, or conditions of work.

"Section 6. The provisions of this Act shall not
impair the existing right of public employees to present
grievances concerning their wages, hours of work, or con-
ditions of work individually or through a representative
that does not claim the right to strike.

"Section 7. If any clause, sentence, paragraph or
part of this Act or the application thereof to any person
or circumstances, shall for any reason be adjudged to be
invalid, such judgment shall not affect, impair, or in-
validate the remainder of this Act and the application
thereof, but shall be confined in its operation to the
portion of the Act directly involved in the controversy
in which judgment shall have been rendered and to the
person or circumstances involved."

It is the opinion of this office that employees of the Galveston
County Memorial Hospital may belong to a labor organization of their choice
and present grievances through a labor organization that does not claim
the right to strike or bargain collectively.

Two Court of Civil Appeals cases have discussed Article 5154c
specifically Sections 4 and 6. The first was Beverly v. City of Dallas,
292 S.W. 2d 172, (Tex. Civ. App. 1956, error ref. n. r. e.) The Court
held Article 5154c voided a city ordinance prohibiting union membership
by public employees. The Court stated in part:

"We cannot find merit in appellees' position that
the statute itself is contradictory, or contains contra-
dictory terms. Appellees urge that Sections 1 and 2 are

in conflict with Section 6, and allege that the first two
sections in prohibiting collective bargaining conflict
with Section 6, which provides that this act shall not
impair the existing right of public employees to present
grievances individually or through a representative. We
do not believe that these sections are in conflict. The
statute is very clear in forbidding collective bargaining,
and the recognition of a union as a bargaining agent, and
declaring null and void any contracts entered into between
municipal authorities and any such organization on that
basis; but because it permits public employees to present
grievances individually or through a representative, the
statute does not contradict itself, nor does Section 6
conflict with the above provisions. The presentation
of a grievance is in effect a unilateral procedure, where-
as a contract or agreement resulting from collective bar-
gaining must of a necessity be a bilateral procedure cul-
minating in a meeting of the minds involved and binding
the parties to the agreement. The presentation of a griev-
ance is simply what the words imply, and no more, and here
it must be remembered that the privilege is extended only
with the express restriction that strikes by public employees
are illegal and unlawful, as is collective bargaining, so
it is clear that the statute carefully prohibits striking
and collective bargaining, but does permit the presentation
of grievances, a unilateral proceeding resulting in no
loss of sovereignty by the municipality. We think the
statute is clear, unambiguous and not contradictory of
itself.

"We think the trial court was in error in holding
that the ordinances of the City of Dallas prohibiting
its employees from joining or belonging to labor organ-
izations were valid. Such ordinances as those here in-
volved are in clear conflict with Art. 5154c, one of the
General Laws of the State of Texas. Art. XI, § 5 of
the Constitution of Texas, Vernon's Ann. St., provides
that no ordinance passed under a city charter shall con-
tain any provision inconsistent with the General Laws of
the State. We believe that the passage of the above statute
in 1947 renders the ordinances here involved void, because
they conflict with the valid law of the State of Texas.
The statute specifically refers to public employees in
Section 4 and is clear and unequivocal in its terms. The
Dallas ordinances are equally clear and unequivocal in
prohibiting city employees from joining or belonging to
labor unions, and the answer by the City Council to the
letter written by the two firemen was very definite in
refusing permission, and stating that if they joined such

an organization they would be summarily dismissed from their employment. We hold, therefore, that this action and the ordinances of the City of Dallas are contradictory to and in violation of the General Laws of the State of Texas, and are therefore void and unenforceable."

Next in Dallas Independent School District v. American Federation of State, County and Municipal Employees Local 1442, 330 S. W. 2d 702 (Tex. Civ. App. 1959, error ref. n. r. e.), the Court said:

"Since enactment of above quoted legislation in 1947, and within its limitations, public employees may become members of a labor union. Beverly v. City of Dallas, Tex. Civ. App., 292 S. W. 2d 172. The Act (Article 5154c) deals exclusively with 'public employees, labor organizations, strikes, etc.' and with respect to appellants' point 3-b, it appears almost too plain for argument that the word 'representative' of Section 6 is referable to Labor Unions that do not claim a right to strike. In the field of labor law, our Legislature has consistently employed the term 'representative' as indicative of a labor union; see Art. 5154g, V. A. C. S. Also in the National Labor Relations Act, 29 U.S.C.A. § 151 et. seq. (excluding public employees, however), 'representative' is defined as including 'any individual or labor organization.' In the wording of Sec. 6, as appellees properly state, 'representative' was used instead of labor union or labor organization so as to afford a wider choice of agency to the public employee."

It is therefore our opinion that Section 6 of Article 5154c, provides that public employees have the right to present grievances concerning their wages, hours of work, or conditions of work through a labor union that does not claim the right to strike or bargain collectively.

## S U M M A R Y

Public employees have the right to present grievances concerning their wages, hours of work, or conditions of work through a labor union that does not claim the right to strike or bargain collectively.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ronald E. Luna
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Sam Kelley
Lonny Zwiener
Douglas Chilton
W. O. Shultz

STAFF LEGAL ASSISTANT

A. J. Carubbi, Jr.